IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE AYALA,  : CIVIL ACTION NO.: JUDGE BATTS
  : ECF CASE
  Plaintiff,
  : **04 CV 10180**
  v.
  :
GILFORD SECURITIES, INC.  : JURY TRIAL DEMAND
  :
  Defendant.
  :

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Stephanie Ayala, ("hereinafter referred to as "Ayala"), a former employee of Defendant Gilford Securities, Inc. (hereinafter referred to as "Defendant"), who has been harmed by Defendant's unlawful employment practices complained of herein.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), The Family Medical Leave Act, Title 29 U.S.C. §2601, et seq., the New York Human Rights Law, N.Y. Exec. Law §296 et seq., and under the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq.

### II. JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§1331 and 1337, and Ayala's claims are substantively based on Title VII and the FMLA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Ayala's claims arising under the New York Human Rights Law, N.Y. Exec. Law §296 et seq. and the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq.

4. All conditions precedent to the institution of this suit have been fulfilled. On September 28, 2004, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity

1

Commission. This action has been filed within ninety (90) days of receipt of said notice.

5. Ayala has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES:

6. Plaintiff, Stephanie Ayala, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 3600 Red Lion Rd, Apt. 44A, Philadelphia, Pennsylvania 19114.

7. Defendant, Gilford Securities Inc., was and is now a corporation organized and existing under the laws of the State of New York with a place of business located at 850 Third Avenue, Suite 1400, New York, New York 10022.

8. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Defendant.

9. At all times material herein, Defendant has been a "person" and "employer" as defined under the FMLA, Title VII, the New York Human Rights Law, and the New York City Human Rights Law and has been, and is, subject to the provisions of each said Act.

## IV. CAUSES OF ACTION:

10. Ayala was employed by the Defendant, Gilford Securities, Inc., as a Sales Assistant from on or about October 9, 2000 until on or about November 13, 2003, the date of her unlawful termination.

11. At all times relevant hereto, Ayala maintained a satisfactory job performance rating with the Defendant.

12. On or about January 21, 2003, Ayala informed the Defendant that she was pregnant.

13. Thereafter, on or about September 11, 2003, Ayala was instructed by her physician, Dr. Ntoso, to take early medical leave due to complications with her pregnancy. Ayala promptly informed the Defendant of the same.

14. In connection thereto, the Complainant was informed by the Defendant that her position

2

would be held open until December 15, 2003 under the terms of Defendant's disability/pregnancy plan and The Family Medical Leave Act.

15. In or around the first week of November of 2003, Ayala spoke with her manager, one Chris Pomarico ("Pomarico"), and informed Pomarico that she intended to return to work on or about December 15, 2003, at the end of her leave.

16. Thereafter, on or about November 16, 2003, Ayala received a letter dated November 13, 2003, in which she was unlawfully and untimely terminated from her employment with the Defendant.

17. Ayala was not given any reason for her unlawful termination nor had she received any verbal or written disciplinary actions based upon her work performance or conduct prior to said date.

18. Upon further information and belief, the Defendant hired a permanent replacement in Ayala's position immediately when Ayala began her FMLA leave.

19. Ayala believes and avers that there was no legitimate business reason for her termination and that she was discharged without a bonus solely as a result of her sex, pregnancy and in violation of the FMLA.

### COUNT I
### (Title VII-Pregnancy/Gender Discrimination)
### Plaintiff v. Defendant

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 inclusive contained in the foregoing Complaint as though fully set forth herein.

21. All of the actions of the Defendant's agents, as aforesaid, were in their capacity as employees of the Defendant, and hence were done to promote Defendant's general policy of pregnancy/gender discrimination.

22. Plaintiff believes and therefore avers, that the Defendant discriminated against her in the terms, conditions and privileges of her employment by treating Plaintiff in a disparate manner because of her pregnancy/gender and discharged Plaintiff from her employment solely because of her pregnancy/gender, thereby violating the provisions of Title VII.

23. As a direct result of the unlawful discriminatory employment practices engaged in by the Defendant, in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et seq., the Plaintiff has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT II
### (New York Human Rights Law -Pregnancy/Gender Discrimination
### Ayala v. Defendant

24. Ayala incorporates by reference paragraphs 1 through 23 of her Complaint as fully set forth at length herein.

25. The actions of Defendant, through its agents, servants and employees, in discriminating against Ayala because of her pregnancy/ gender constituted a violation of the New York Human Rights Law.

26. The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of the New York Human Rights Law.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the New York Human Rights Law, Plaintiff has suffered severe emotional and psychological distress, humiliation, embarrassment, loss of reputation, loss of career opportunities, loss of self-esteem.

### COUNT III
### (New York City Human Rights Law - Pregnancy/Gender Discrimination)
### Ayala v. Defendant

28. Ayala incorporates by reference paragraphs 1 through 26 of her Complaint as fully set forth at length herein.

29. The actions of Defendant, through its agents, servants and employees, in discriminating against Ayala because of her pregnancy/gender, constituted a violation of the New York City Human Rights Law.

30. The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of the New York City Human Rights Law.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the New York City Human Rights Law, Ayala has suffered severe emotional and psychological distress, humiliation, embarrassment, loss of reputation, loss of career opportunities, loss of self-esteem.

32. A true copy of the complaint in this matter has been served upon the New York City Commission on Human Rights and the New York City Corporation Counsel

### COUNT IV
### FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. §2601, et. seq.
### Plaintiff v. Defendant

33. The Plaintiff hereby incorporates by reference paragraphs 1 through 31 inclusive contained in the foregoing Complaint as though fully set forth herein.

34. At the time she requested said family and medical leave of absence, the Plaintiff was entitled to leave and protection under the provisions of the Family and Medical Leave Act pursuant to Title 29 U.S.C. §2612.

35. Specifically, the Plaintiff was entitled to twelve weeks of leave or intermittent Family and Medical Leave within the meaning of the FMLA, Title 29 U.S.C. §2601, et seq.

36. The Defendant unlawfully denied the Plaintiff these rights under the Family and Medical

Leave Act by:

    a.    Failing to provide her with a complete, adequate disclosure and explanation of all her rights under the FMLA;

    b.    Failing to designate FMLA time;

    c.    Terminating the Plaintiff's employment in retaliation for having requested to exercise her rights under the FMLA.

37. The unlawful actions committed by the Defendant, as aforesaid, constitute a violation of the FMLA, 29 U.S.C. § 2601 et seq.

38. The aforesaid actions of the Defendants were wilful, malicious, wanton, in bad faith and in reckless disregard of the Plaintiff's rights.

39. As a direct result of the wilful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, the Plaintiff has suffered loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus backpay, front pay and interest due thereon.

## PRAYER FOR RELIEF

40. Ayala incorporates by reference paragraphs 1 through 38 of her Complaint as fully set forth at length herein.

**WHEREFORE**, Ayala requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Ayala for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(b) Defendant pay to Ayala compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Ayala punitive damages under the ADA and the New York City Human Rights Law pre and post judgment interest, costs of suit and attorney and expert witness fees as

allowed by law;

    (d)    The Court award such other relief as is deemed just and proper.

### JURY DEMAND

Plaintiff demands trial by jury.

                              MILMAN & HEIDECKER

                              PERRY S. HEIDECKER, Esq. (PH - 6955)
                              Attorneys for Plaintiff
                              3000 Marcus Avenue
                              Suite 3W3
                              Lake Success, New York 11042
                              (516) 328-8899